| | |
|---|---|
| 1 | THAD A. DAVIS (SBN 220503) |
|   | thad.davis@ropesgray.com |
| 2 | ROCKY C. TSAI (SBN 221452) |
|   | rocky.tsai@ropesgray.com |
| 3 | ROPES & GRAY LLP |
|   | Three Embarcadero Center, Ste 300 |
| 4 | San Francisco, California 94111-4006 |
|   | Tel:    (415) 315- 6300 |
| 5 | Fax:    (415) 315-6350 |
| 6 | HARVEY J. WOLKOFF |
|   | harvey.wolkoff@ropesgray.com |
| 7 | MARK P. SZPAK |
|   | mark.szpak@ropesgray.com |
| 8 | LARA A. ORAVEC |
|   | lara.oravec@ropesgray.com |
| 9 | ROPES & GRAY LLP |
|   | Prudential Tower, 800 Boylston Street |
| 10 | Boston, MA 02199-3600 |
|    | Tel:    (617) 951-7606 |
| 11 | Fax:    (617) 235-0215 |
|    | Attorneys for Defendants |

ORIGINAL FILED
E-filing
AUG 8 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JCS

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

CV 11 3871

| | |
|---|---|
| KARL DETERT, on behalf of himself and all others similarly situated, DANIEL OSTERN, on behalf of himself and all others similarly situated, and JAMES SEARS, on behalf of himself and all others similarly situated, | Case No. _____ |
| | (San Mateo County Superior Court No. CIV507014) |
| Plaintiffs, | **DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, 1446, AND 1453** |
| v. | |
| SONY COMPUTER ENTERTAINMENT AMERICA LLC, a Delaware limited liability company; SONY COMPUTER ENTERTAINMENT AMERICA INC., a Delaware corporation; SONY CORPORATION OF AMERICA, a New York corporation; and SONY NETWORK ENTERTAINMENT INTERNATIONAL LLC, a Delaware limited liability company, and Does 1-25, | |
| Defendants. | |

©COPY

NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-CAPTIONED COURT:**

**PLEASE TAKE NOTICE** that Defendants Sony Computer Entertainment America LLC, Sony Corporation of America, and Sony Network Entertainment International LLC (collectively, "Sony")[1] hereby remove this action, *Detert v. Sony Computer Entertainment America LLC et al.*, commenced as Case No. cv-507014 in the Superior Court of the State of California, San Mateo County, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453. In support of this Notice of Removal, Sony states and/or alleges the following:

## PROCEDURALLY PROPER REMOVAL

1. Sony's removal of this action is timely under 28 U.S.C. § 1446(b). Section 1446(b) provides that a notice of removal shall be filed within thirty (30) days after formal service of the complaint. *See* 28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 348 (1999). The undersigned defendants were served with copies of the summons and Class Action Complaint ("Complaint" or "Compl.") on July 26, 2011.

2. Because Plaintiffs filed this action putatively as a class action, *see infra*, the Complaint may be removed "without regard to whether any defendant is a citizen of the State in which the action is brought," and "may be removed by any defendant without the consent of all defendants." 28 U.S.C. § 1453(a).

3. Removal to this Court is proper under 28 U.S.C. §1441 because this district and division "embrac[e] the place where such action is pending." *Id.* at § 1441(a).

---

[1] The Complaint also incorrectly names Sony Computer Entertainment America Inc. as an additional defendant. Sony Computer Entertainment America Inc. no longer exists and therefore is not a proper defendant in this action.

4. Pursuant to the requirement of 28 U.S.C. § 1446(a), a copy of the Complaint together with "all process, pleadings, and orders served upon" Sony, are attached hereto as Exhibit A.

## JURISDICTION

5. For an action to be removable, the federal courts must have original jurisdiction over the matter. Here, there are two independent bases for original jurisdiction: (i) federal question jurisdiction, see 28 U.S.C. §§ 1331, 1441(b), and (ii) jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, 119 Stat. 4 (2005), 28 U.S.C. §§ 1332(d), 1453.

## INTRADISTRICT ASSIGNMENT

6. Removal and assignment of this action to the San Francisco Division of this Court is proper because two of the defendants in the case, Sony Computer Entertainment America LLC and Sony Network Entertainment International LLC, have offices in Foster City, California.

## BASES FOR REMOVAL

### I. THIS ACTION MAY BE REMOVED BECAUSE FEDERAL QUESTION JURISDICTION EXISTS

7. This Court has original jurisdiction over this civil action because it arises under federal law. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Federal question jurisdiction exists over Plaintiffs' Complaint for the following two independent reasons.

8. First, Plaintiffs bring a claim under a federal statute, the Computer Fraud and Abuse Act (the "CFAA"), 18 U.S.C. § 1030. Compl. ¶¶ 160-175. Specifically, Plaintiffs allege that Sony violated the CFAA by, among other things, "allowing unauthorized third parties to access and obtain information from Plaintiffs' and Class Members' protected computers." Id. at ¶ 170. According to Plaintiffs, "Plaintiffs and Class members have suffered damages caused by

[Sony's] CFAA violations." *Id.* at ¶ 172.

9. Based on these allegations, this action is removable to this Court under 28 U.S.C. § 1441(b). This statute provides, in relevant part: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b).

10. Second, Plaintiffs bring a claim under another federal statute, the Electronic Communications Privacy Act (the "ECPA"), 18 U.S.C. § 2510 *et seq.* Compl. ¶¶ 176-190. Specifically, Plaintiffs allege that Sony violated the ECPA by, among other things, "permitting one or more unauthorized third parties to intercept, disclose, and use Plaintiffs' and Class members' electronic communications." *Id.* at ¶ 187. According to Plaintiffs, Sony's alleged violation of the ECPA entitles them and Class members to "preliminary, equitable, and declaratory relief, in addition to statutory damages of the greater of $10,000 or $100 per day for each violation, actual and punitive damages, reasonable attorneys' fees and litigation costs, and Defendants' profits obtained from the above-described violations." *Id.* at ¶ 190.

11. As is the case with Plaintiffs' claim under the CFAA, Plaintiffs' claim under the ECPA also makes this action removable to this Court under 28 U.S.C. § 1441(b). Where federal question jurisdiction exists over any claim, the entire case may be removed, 28 U.S.C. § 1441(c). Supplemental jurisdiction over the non-federal claims in the Complaint also exists under 28 U.S.C. § 1367.

## II. THIS ACTION ALSO MAY BE REMOVED UNDER THE CLASS ACTION FAIRNESS ACT OF 2005

12. Although federal question jurisdiction alone suffices to support removal herein, the Court also, and independently, has original jurisdiction over this case pursuant to CAFA, 28 U.S.C. §§ 1332(d), 1453.

13. A court has original jurisdiction under CAFA if the following five requirements are satisfied: (a) the case is a "class action" within the meaning of 28 U.S.C. § 1332(d)(1)(B); (b) "the aggregate number of members of all proposed plaintiff classes is 100 or more persons"; (c) "the primary defendants are not 'States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief'"; (d) "any class member is a citizen of a state different from any defendant"; and (e) "the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2006) (quoting 28 U.S.C. § 1332(d)). The Complaint establishes each of these requirements.

### A. This Action Is a "Class Action" Within the Meaning of 28 U.S.C. § 1332(d)(1)(B)

14. Under 28 U.S.C. § 1332(d)(1)(B), "'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

15. Plaintiffs filed this case as a class action pursuant to § 382 of the California Code of Civil Procedure, *see* Compl. ¶ 45, on behalf of a putative class defined to include:

> All persons subject to the California choice of law and San Mateo County forum selection clauses in Sony's User Agreement and Terms of Service whose personal information may have been stolen from Sony during any data breach within the statutory limitations period in connection with their use of PSN, Qriocity or SOE services.

*Id.* at ¶ 44.

### B. The Aggregate Number of Members of All Proposed Plaintiff Classes Is 100 or More Persons

16. Plaintiffs allege that there are substantially more than 100 putative class members. *See* 28 U.S.C. § 1332 (d)(5)(B); *see* Compl. ¶ 45(b) ("The Class may number in the millions, and

therefore joinder of all Class members in the class is not practicable"); *see, e.g., id.* at ¶ 35 ("Plaintiffs and approximately 77 million other consumers were unable to access the PSN and Qriocity services, for which they had paid, for nearly four weeks before Sony restored those services.").

### C. None of the Named Defendants Is a State, State Official, or Other Governmental Entity Against Whom This Court May Be Foreclosed from Ordering Relief

17. Plaintiffs name the following Sony entities in the Complaint: Sony Computer Entertainment America LLC, Sony Computer Entertainment America Inc., Sony Corporation of America, and Sony Network Entertainment International LLC. The Complaint does not name any governmental officials or entities. Although Plaintiffs also purport to assert claims against certain unnamed "Doe" defendants, the citizenship of those defendants "shall be disregarded" for purposes of determining the propriety of removal. *See* 28 U.S.C. § 1441(a).

### D. There Is Sufficient Diversity of Citizenship

18. Under 28 U.S.C. § 1332(d)(2)(A), there is sufficient diversity where "any member of a class of plaintiffs is a citizen of a State different from any defendant."

19. The Complaint alleges that Plaintiff James Sears is a citizen of the State of Minnesota. Compl. ¶ 4.

20. The Complaint names several Sony entities as defendants, including Sony Corporation of America ("SCA"). SCA is a New York corporation with its principal place of business in New York. Compl. ¶ 7.

21. Thus, Plaintiff Sears and Defendant SCA are diverse from one another.

22. Furthermore, the Complaint makes clear that the putative Class is intended to be multistate in scope. *See generally* Compl. ¶¶ 12-35, 44. Accordingly, numerous members of the putative class, including Plaintiff Sears, are or would be citizens of states different from Sony,

within the meaning of 28 U.S.C. § 1332(d)(2)(A).

### E. There Is Sufficient Amount in Controversy

14. The amount in controversy exceeds $5 million in the aggregate, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2).

15. Under CAFA, "the claims of the individual class member shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

16. Although Plaintiffs do not specify the amount of damages that the putative class members seek, it is "facially apparent" from the Complaint that the amount in controversy more likely than not exceeds $5 million in the aggregate. *See Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 1004 (9th Cir. 2007) (recognizing that an amount in controversy will be "facially apparent" where the court is not "forced to look beyond the complaint to determine whether the suit meets the jurisdictional requirement"); *see also Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Among Plaintiffs' other claims, in Count XVII of the Complaint Plaintiffs allege that the defendants violated the ECPA "by permitting one or more unauthorized third parties to intercept, disclose, and use Plaintiffs' and Class members' electronic communications." Compl. ¶ 187. The Complaint further alleges that "Plaintiffs and Class Members" are therefore "'person[s]'" authorized by the ECPA to seek recovery under the statute, *id.* at ¶ 188 (quoting 28 U.S.C. § 2520(a) and adding "[s]"), including "statutory damages of the greater of $10,000 or $100 per day for each day of violation," *id.* at ¶ 189 (quoting 28 U.S.C. § 2520(c)(2)(B)). Therefore, even looking only at the claim for statutory damages under this count, it would take a putative class of only 501 plaintiffs to satisfy the amount in controversy requirement. Here, Plaintiffs allege a putative class that is orders of magnitude larger than that. *See id.* at ¶ 45(b) ("The Class may number in the millions, and therefore joinder of all Class

members in the class is not practicable"); *see, e.g., id.* ("Plaintiffs and approximately 77 million other consumers were unable to access the PSN and Qriocity services, for which they had paid, for nearly four weeks before Sony restored those services.").

17.   Two other considerations indicate that CAFA's amount-in-controversy requirement is satisfied. First, the Complaint requests "restitution and/or disgorgement," "compensatory damages," "statutory damages" for a second alleged statutory violation, "punitive damages," and "disbursements, expenses, and attorneys' fees," *see* Compl. at 40 (Prayer for Relief), which also would be aggregated with the value of Plaintiffs' other claims for damages and other remedies in establishing that the matter in controversy exceeds $5 million.

18.   Second, well over 50 lawsuits similar to this case have been filed in federal courts in nine states, specifically alleging CAFA jurisdiction over a nationwide class action and an aggregate amount in controversy exceeding $5 million. *See, e.g., Mitchell v. Sony Computer Entertainment America LLC*, No. 2:11-cv-11-03601 (C.D. Cal. filed Apr. 27, 2011); *Johns v. Sony Computer Entertainment America LLC*, No. 4:11-cv-02063 (N.D. Cal. filed Apr. 27, 2011); *Berman v. Sony Computer Entertainment America LLC*, No. 2:11-cv-11913 (E.D. Mich. filed Apr. 29, 2011); *Ahmed v. Sony Computer Entertainment of America LLC*, No. 2:11-cv-02133 (E.D.N.Y filed May 2, 2011); *Connolly v. Sony Computer Entertainment America, Inc.*, No. 1:11-cv-03088 (S.D.N.Y. filed May 5, 2011); *Thompson v. Sony Computer Entertainment America LLC*, No. 1:11-cv-10793 (D. Mass. filed May 5, 2011); *Howe v. Sony Computer Entertainment America LLC*, No. 3:11-cv-01001 (S.D. Cal. filed May 6, 2011); *Thompson v. Sony Computer Entertainment America LLC*, No. 9:11-cv-80525 (S.D. Fla. filed May 11, 2011); *Cooper v. Sony Computer Entertainment America LLC*, No. 3:11-cv-00776 (D. Conn. filed May 11, 2011); *Varela v. Sony Computer Entertainment America LLC*, No. 3:11-cv-02729 (D.N.J. filed May 12, 2011); *Nardy v. Sony Computer Entertainment America LLC*, No. 1:11-cv-00962 (D. Ohio filed

May 13, 2011).[2] These dozens of complaints' allegations of damages exceeding $5 million, taken together with Plaintiffs' similar allegations, make all the clearer that it is "more likely than not" that the damages at issue in this case exceed $5 million. *See Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 689 (9th Cir. 2006).

## CONCLUSION

BASED ON THE FOREGOING, Defendants hereby remove the above-captioned action, formerly pending in the Superior Court of the State of California, San Mateo County, to the United States District Court for the Northern District of California.

Dated: August 8, 2011

HARVEY WOLKOFF
MARK P. SZPAK
THAD A. DAVIS
ROCKY C. TSAI
LARA A. ORAVEC
ROPES & GRAY LLP

By: _[signature]_
Rocky C. Tsai

Attorneys for Defendants
SONY COMPUTER ENTERTAINMENT AMERICA LLC; SONY CORPORATION OF AMERICA; and SONY NETWORK ENTERTAINMENT INTERNATIONAL LLC

---

[2] A motion to centralize the federal class actions in the United States District Court for the Northern District of California is pending before the Judicial Panel on Multidistrict Litigation. *See In re Sony Gaming Networks and Customer Data Security Breach Litig.*, MDL Docket No. 2258.